**INTERNATIONAL ASSOCIATION OF MACHINISTS LODGE NO. 912, affiliated with District No. 34 of the International Association of Machinists, Plaintiff,**

**v.**

**GENERAL ELECTRIC COMPANY, a corporation, Defendant.**

**Civ. A. No. 4210.**

United States District Court
S. D. Ohio, W. D.
Aug. 15, 1958.

---

7. 149 F.Supp. 431, at page 439.

Smith & Latimer, Richard C. Curry, Cincinnati, Ohio, for plaintiff.

Taft, Stettinius & Hollister, Cincinnati, Ohio, for defendant.

DRUFFEL, District Judge.

■ This cause came on for hearing on the plaintiff's complaint, the amended answer filed by the defendant, the defendant's motion for summary judgment, affidavit of John C. MacQueen filed in support of motion for summary judgment, supplementary affidavit of Fred Kurtz filed in support of motion for summary judgment, affidavit of Harmie C. Hammond filed in opposition to motion for summary judgment, and affidavit of

Donald E. Shelton filed in opposition to motion for summary judgment, and the Court after having examined the pleadings, affidavits, admissions in open Court, motion, and exhibits on file in the cause, and having read the briefs and memoranda by counsel and heard the arguments of counsel, and being fully advised in the premises and having given the matter full consideration, now finds that there is no genuine issue as to any material fact, and that the following material facts are established:

### Findings

1. The plaintiff International Association of Machinists, Lodge No. 912 (AFL–CIO) is an unincorporated labor association affiliated with the International Association of Machinists (AFL–CIO). It is a labor organization within the meaning of the Labor Management Relations Act of 1947, 29 U.S.C.A. Section 185 et seq.

2. The defendant General Electric Company is a corporation engaged in the manufacture of jet engines and other products at its plant located in Evendale, Ohio. It is an employer and is engaged in commerce among the several states within the meaning of the said Act.

3. On or about November 4, 1949, the National Labor Relations Board certified Local Lodge No. 729 and Local Lodge No. 162 affiliated with District 34, International Association of Machinists, as exclusive bargaining representatives for,

"All tool and die makers and machinists working in and out of the toolroom, including their helpers and apprentices, and the welder, but excluding all other employees."

of the defendant at its said plant in Evendale, Ohio, and also for,

"All maintenance machinists and mechanics, including mechanics-test, mechanics-auto and truck, and their helpers and apprentices, but excluding all other employees."

of the said plant in Case No. 9–RC–470 and 9–RC–471, as amended April 7, 1952, reported in 86 N.L.R.B., at page 327 et

seq. Subsequently, in 1952 the N.L.R.B. amended the said certification to substitute the plaintiff Lodge No. 912 as exclusive bargaining representative for employees in the said appropriate unit.

4. On or about August 15, 1955, the plaintiff and the defendant entered into a collective bargaining agreement which is now in effect and has been in effect at all times material hereto. Article I thereof states as follows:

"The Company recognizes the Union as the sole collective bargaining agent for employees assigned to jobs included in certifications issued by the National Labor Relations Board in Cases Nos. 9–RC–470 and 9–RC–471, as amended April 7, 1952, and as interpreted for specific purposes in Cases Nos. 9–RC–2024 and 9–RC–2092.

"The above certifications cover the following: all tool and die makers, including their helpers and apprentices, and the welder; all maintenance machinists and mechanics including mechanics-test, mechanics-auto and truck and their helpers and apprentices. It is mutually agreed that the unit includes the maintenance trades."

5. On or about December 18, 1957, a written grievance, No. 227–CS, was filed by employees Hermie Hammond and D. E. Shelton, employed by the defendant in the said appropriate bargaining unit represented by the plaintiff. Under the heading of "Nature of Grievance," the said written grievance stated "Salaried personnel doing toolmaker and machinist work," and further stated "C. Keller, lab technician, was instructed to do toolmaker and machinist work by R. Oppen, his supervisor, on December 9, 1957." The said grievance related to "salaried personnel" employed in the Manufacturing Development Laboratory, Building 800–PED, who were not employees represented by the plaintiff and who were not subject to the provisions of the said collective bargaining agreement dated August 15, 1955, or any collective bargaining agreement.

6. The said grievance No. 227–CS was duly proceeded through the four steps of the grievance procedure set forth in paragraph 5 of the applicable collective bargaining agreement between the plaintiff and the defendant. Article XIX of the said Agreement specifies in part that:

"Any grievance which involves the interpretation or application of this Agreement, and any grievance protesting the discharge of an employee and which remains unsettled after having been fully processed pursuant to the provisions of Article XVIII, shall be submitted to arbitration upon request of either the Union or the Company, provided such request is made within 30 days after the decision of the Company has been given to the Union pursuant to Article XVIII."

A request for arbitration was made by the union to the company within thirty days after the decision of the company denying grievance No. 227–CS had been given to the union pursuant to the said Article XVIII.

7. The said Manufacturing Development Laboratory of the defendant is engaged solely in the development of new manufacturing techniques and methods. The said laboratory is located in Building 800. C. Keller, the employee of the said Manufacturing Development Laboratory referred to in said grievance, was a salaried employee of the defendant who was not employed in the bargaining unit represented by the plaintiff. On or about December 9, 1957, the date referred to in the grievance, he and other salaried personnel working in the said Manufacturing Development Laboratory were engaged solely in experimental and developmental work, and were not engaged in the manufacture of parts being made for the purpose of incorporation in jet engines or other products being manufactured by the defendant.

8. The said collective bargaining agreement contains no language purporting to limit in any way the right of the defendant to use salaried personnel in

the said Manufacturing Development Laboratory, Building 800–PED to perform the work being performed by C. Keller or other salaried personnel in that building or elsewhere.

9. References to the classifications of "toolmaker" and "machinist" referred to in the said grievance No. 227–CS and the wage rates for such classifications, are contained in Appendix A of the said Agreement. Appendix A contains the titles of the said machinist and toolmaker jobs and the job rate symbols applicable to each such job, but neither Appendix A nor any other part of the said Agreement contains any descriptions of the said jobs.

10. Article VIII, paragraph (1) of the said Agreement states as follows:

"The list of hourly occupations, job rate symbols and equivalent hourly rates in effect as of the date of this Agreement at the Evendale Plant are contained in Appendix A of this Agreement and are a part of this Agreement. Nothing contained in this Agreement shall be construed to prevent the Company at any time from changing the job rate of any of the listed occupations if their content is changed, or eliminating them entirely, or changing their content, or of adding new classifications. No grievance arising out of the application or interpretation of any part of Appendix A or this paragraph shall be submitted to arbitration."

11. The said grievance No. 227–CS does not relate to the "interpretation or application" of the said collective bargaining agreement between the parties. The said grievance No. 227–CS does arise out of the application or interpretation of a part or parts of Appendix A and of the said Article VIII, paragraph (1).

12. Article III, paragraph (b) of the said collective bargaining agreement specifies that:

"Subject only to any limitations stated in this Agreement, or in any other Agreement between the Company and the Union, the Union recognizes that the Company retains the exclusive right to manage its business, including (but not limited to) the right to determine the methods and means by which its operations are to be carried on, to direct the work force, and to conduct its operations in a safe and effective manner.

"This Article does not modify or limit the rights of the parties, or of the employees, under any other provisions of this Agreement or under any other Agreement between the Company and the Union, nor will it operate to deprive employees of any wage or other benefits to which they have been or will become entitled by virtue of an existing or future agreement between the Company and the Union."

The assignment of work to C. Keller, laboratory technician, as set forth in the said grievance was made by the defendant in the exercise of its "exclusive right to manage its business" and "to determine the methods and means by which its operations are to be carried on" and "to direct the work force" as recognized by the plaintiff in the said Article III, paragraph (b).

13. Article XIX, paragraph (3) of the said collective bargaining agreement specifies that an "arbitrator shall have no authority to add to, detract from, or in any way alter the provisions of this Agreement," and that "in addition, it is specifically agreed that no arbitrator shall have the authority to establish a wage rate or job classification." In order to grant relief in response to the said grievance, an arbitrator would be required to "add to" or "detract from" or "alter" the provisions of the said Agreement, and would be required to establish a "job classification" in violation of the said provisions of the collective bargaining agreement.

### Conclusions of Law

(A) This action is properly brought under Section 301 of the Labor

Management Relations Act of 1947, Act of June 23, 1947, 61 Stat. 156; title 29 U.S.C. Section 185. This Court has exclusive jurisdiction to decide the question of arbitrability raised by the plaintiff.

(B) There is no genuine issue as to any material fact.

(C) The said grievance No. 227–CS is not arbitrable under the terms and provisions of the said collective bargaining agreement between the parties.

(D) The defendant is entitled to judgment as a matter of law.

An order for judgment for the defendant with costs taxed to plaintiff will therefore be entered herein.